IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM D. BEGIN and GINNY BEGIN,  ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-0830-SMY-DGW |
| ) | |
| AIR & LIQUID SYSTEMS, INC., et al.,  ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT GENERAL ELECTRIC COMPANY'S
JOINDER IN CRANE CO.'S NOTICE OF REMOVAL AND
NOTICE OF REMOVAL BASED ON ASSERTION OF INDEPENDENT
FEDERAL OFFICER GROUNDS FOR JURISDICTION**

Pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, Defendant General Electric Company ("GE") hereby joins in the notice of removal of this action filed by Crane Co. on July 30, removing this action from the Circuit Court of Madison County, Illinois to the United States District Court for the Southern District of Illinois.  In addition to joining in Crane Co.'s removal of this action, GE also states the following independent grounds for removal of this action in its own right, apart from any basis for removal asserted by Crane Co.

1.   GE was served with Plaintiffs' Complaint on June 30, 2015. That complaint alleges that Plaintiffs' claims against GE arise from claimed exposure to asbestos materials allegedly associated with Navy unspecified products that GE manufactured.  Products provided by GE to the U.S. Navy were provided under a United States Government contract during the World War II era for installation aboard certain United States Navy warships.  In manufacturing that vital naval warfare equipment under that government contract, GE was a person acting under an agency and/or officer of the United States within the meaning of 28 U.S.C. §1422(a)(1).  Removal on this basis is proper and has repeatedly been upheld by federal courts throughout the

United States, including the United States Court of Appeals for the Seventh Circuit. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1185 (7th Cir. 2012).

## II.     PROCEDURAL HISTORY

2.     On June 25, 2015, Plaintiffs filed a Complaint in the Third Judicial Circuit Court, Madison County, Illinois, Docket Number 15-L-796. A true and correct copy of the original Complaint is found at Doc. 1, Ex. 1 of the Court file. GE was served with the Complaint on June 30, 2015.

3.     In the Complaint, Plaintiffs only make general allegations. The complaint states that William D. Begin was employed from 1953 to 1973 in the United States Navy as a Machinists Mate and further that he was employed from 1973 through the mid 1990s at Pennsylvania Power & Light and Toledo Edison as a Contract Administrator. (Doc. 1, Ex. 1 Count I at ¶ 1). Plaintiffs allege that William D. Begin contracted an asbestos-related disease, namely mesothelioma, as a result of his exposure to allegedly asbestos-containing products "manufactured, sold, distributed, or installed" by the defendants. (Doc. 1, Ex. 1, Count I at ¶¶ 3, 6). The Complaint allege counts against GE of (Count I) Negligence, (Count II)Willful and Wanton, (Count III) Conspiracy, (Count IV) Negligent Spoliation of Evidence, (Count V) Willful and Wanton Spoliation of Evidence (Count VI), and Loss of Consortium (Count VIII).

4.     The Complaint states William D. Begin was exposed to GE's products while employed from about 1953-1973 with the U.S. Navy. No specific allegations with respect to any ships were made in the Complaint. The Answers to Interrogatories were served on July 16, 2015 (Attached hereto as Exhibit "A"). The Answers to Interrogatories provide that William D. Begin worked aboard the USS Skipjack (SSN585), USS George Bancroft (SSBN643), USS Jallao (SS-368), USS Monrovia (no hull number provided), and USS James K Polk (no hull number

provided) (See, Ex. 1 at p. 3). Plaintiff was deposed on July 24, 2015. At his deposition, for the first time, he specifically identified GE products being present on the ships and submarines on which he served while in the Navy. Therefore, based on the identification of GE products on the Navy vessels, GE, hereby asserts its independent federal officer jurisdiction as a basis for this Court's jurisdiction.

5. On July 30, 2015, Crane Co. removed the case to the United States District Court for the Southern District of Illinois, Case Number 3:15-cv-00839, pursuant to 28 U.S.C. §§ 1442 and 1446.

6. Crane Co.'s Notice of Removal was timely filed as required by 28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(a) and the local requirements of this Court, GE notes that a copy of Plaintiffs' Complaint can be found at Doc. 1.[1]

8. This Joinder to Notice of Removal is also timely filed under 28 U.S.C. § 1446(b) because thirty (30) days have not elapsed since GE received the Answers to Interrogatories, nor since the Plaintiff's deposition, where William D. Begin identified GE products aboard Navy vessels. Again, the complaint does not specify that William D. Begin actually served on a Navy vessel or vessels.

9. Should any party file a motion to remand this case, GE respectfully requests an opportunity to respond more fully in writing and to conduct discovery limited to the issue of removal, but at this time offers the following authorities in support of removal.

---

[1] It is possible that some filings in the state court have occurred in the short interval between the removal by Crane Co. and the filing of this joinder. GE is prepared to supplement this filing, if required, with any such items filed up to the date of filing of this joinder and notice of removal.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1441 AND 1442.

10. Products that GE manufactured under contract with the Navy for installation in Navy vessels were manufactured to Navy specifications and were subject to strict Navy control and supervision over all aspects of the products' design and manufacture, including, without limitation, the presence of asbestos in such products and the existence of any warnings affixed to or issued in connection with those products.

11. This case is removable pursuant to 28 U.S.C. § 1442(a)(1) because the action involves a person (GE) that acted under the authority of an officer or agency of the United States. A corporation, such as GE, is a "person" within the meaning of this statute. *See Isaacson v. Dow Chemical Company*, 517 F.3d 129, 133 (2d Cir. 2008); *Fink v. Todd Shipyards*, 2004 WL 856734 (E.D. La. 2004). Removal is proper under this section upon a showing (1) that a defendant acted under the direction of a federal officer, (2) that a defendant has a colorable federal defense to Plaintiffs' claim, and (3) that there is a causal nexus between the Plaintiffs' claims and the acts it performed under color of federal office. *See Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010); *Mesa v. California*, 489 U.S. 121 (1989); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-82 (7th Cir. 2012); *Mohler v. Air & Liquid Sys. Corp.*, No. 3:13-CV-1221-DGW-SCW, 2014 WL 2582843, at *2 (S.D. Ill. June 9, 2014); *Isaacson v. Dow Chemical Company*, 517 F.3d 129, 133 (2d Cir. 2008); *Machnik v. Buffalo Pumps, Inc.*, 2007 WL 4570566 (D. Conn. 2007); *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1992); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996); *see also In re Methyl Tertiary Butyl Esther Prods. Liab. Litig.*, 341 F.Supp.2d 351, 358-59 (S.D.N.Y. 2004) (third-party indemnity complaint provides basis for federal officer removal jurisdiction). GE can

satisfy each of these three prongs relative to Plaintiff William D. Begin's asbestos-related claims in the instant case.

12. GE's actions at issue in this suit took place under the direct and detailed control of a federal agency - the United States Navy – as well as several Navy Officers and Navy-employed civilians, all acting under the command of the Secretary of the Navy. These individuals exercised direct control over the design and manufacture of GE Navy products, as well as control over all information affixed to that equipment supplied to the Navy. GE's products, from which Plaintiffs assert a claim for naval asbestos exposure, were manufactured according to the specifications of, and under the direction and control of, the Navy. Finally, GE Navy products were subjected to extensive testing and inspection by the Navy as a prerequisite to its approval, acceptance and use of those products aboard Navy ships. In sum, virtually no aspect of the design and manufacture of the Navy products at issue escaped the close control of the Navy and its officers. Such facts clearly establish that GE was "acting under" the Navy and its officers in its design, manufacture and supply of products to the U.S. Navy. *E.g., Morgan v. Bill Vann Co., Inc.*, 2011 WL 6056083 (S.D.Ala. Dec 06, 2011).

13. In this case, Plaintiffs claim William D. Begin was injured, in part, due to exposure to asbestos-containing components used in connection with GE's Navy products. As reflected above, any use of asbestos in conjunction with such equipment was the direct result of the Navy's own detailed plans, military specifications and/or regulations. Thus, the existence of a causal nexus between GE's actions under color of its federal office and Plaintiffs' claim is axiomatic.

14. As recognized in *Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988), GE has a federal defense to these actions, i.e., government contractor immunity from liability for

injuries arising from exposure to asbestos from Navy equipment manufactured under contract with the U.S. Navy, insofar as GE constructed or repaired them in accordance with Navy specifications and under strict control or supervision of the U.S. Navy. *Accord, Carley v. Wheeled Coach*, 991 F.2d 1117 (3d Cir. 1993); *Garner v. Santoro*, 865 F.2d 629 (5th Cir. 1989); *Kleemann v. McDonnell Douglas Corp.*, 890 F.2d 698 (4th Cir. 1989). A government contractor defense exists when (1) the United States approved reasonably precise specifications, (2) the equipment conformed to those specifications, and (3) the contractor warned the government about any dangers known to the contractor but not to the government. *Boyle, supra; Carley v. Wheeled Coach, supra.* The government contractor defense also applies to claims of failure to warn. *Ruppel v. CBS Corp.*, 701 F.3d at 1185 ("It is well established that the government contractor defense articulated by the Supreme Court in *Boyle* may operate to defeat a state failure-to-warn claim.") (quoting *Oliver v. Oshkosh Truck Corp.,* 96 F.3d 992, 1003-04 (7th Cir. 1996) ("[W]hen state law would otherwise impose liability for a failure to warn, that law can be displaced...."); *see Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d at 783. In the context of federal officer removal, "Plaintiff can allege an entirely state-law cause of action, but will not be able to retain the case in state courts if the claim gives rise to a colorable federal defense." *Barnes v. Various Defendants (In Re Asbestos Products Liability Litigation),* 770 F.Supp.2d 736 (E.D. Pa., 2011); *see also Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010); *United States v. Todd*, 245 F.3d 691 (8th Cir., 2001). The colorable defense "need only be plausible; its ultimate validity is not to be determined at the time of removal." *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996). The defendant "need not win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S. Ct. 1813 (1969). "Thus, a defense may be colorable even if the court ultimately rejects it. Indeed, no

determination of fact is required at the removal stage. All a removing defendant needs to do is to make a showing that his federal defense 'is not without foundation and made in good faith.'" *Marley v. Elliot Turbomachinery Co., Inc.*, 545 F. Supp. 2d 1266, 1272 (S.D. Fla. 2008) (quoting *Nesbiet v. Gen. Electric*, 399 F. Supp. 2d 205, 211 n. 44 (S.D.N.Y. 2005)). As reflected above, GE's Navy products that were manufactured for the U.S. Navy were manufactured in conformity with detailed specifications of the U.S. Navy. GE had no knowledge concerning the potential hazards of asbestos that was not known by the U.S. Navy. Therefore, GE has established a colorable federal defense to Plaintiffs' claims and is entitled to remove this action pursuant to 28 U.S.C. § 1442(a)(1). *See Faddish v. General Electric Company*, 2010 WL 4146108, (E.D. Pa. 2010) (granting summary judgment for GE as to claims of naval asbestos exposure based upon the government contractor defense).

15. Plaintiffs claim that William D. Begin was also exposed to asbestos from GE products outside of the Navy is irrelevant for purposes of removal because "[w]hen a single federal officer removes a case to federal court, the entire case is thereby removed." *Harris v. Rapid Am. Corp.,* No. 07 C 6055, 2008 WL 656233, at *1 (N.D. Ill. Mar. 7, 2008); *see also* 14C Charles Alan Wright, et al., Federal Practice & Procedure § 3726 (4th ed. 2009) ("Because § 1442(a)(1) authorizes removal of the entire case if only one of the controversies it raises involves a federal officer or agency, the section creates a special species of statutorily-mandated supplemental subject matter jurisdiction.").

### IV. CONCLUSION.

16. Removal of this action is proper under 28 U.S.C. § 1442. Plaintiffs' Complaint is a civil action brought in State Court and the Federal District Courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because, in addition to statements made in

- 8 -

Crane Co.'s Notice of Removal, General Electric Company was acting as an officer or agent of the United States.

WHEREFORE, General Electric Company requests that this action proceed in this Court as a properly removed action.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By:   /s/ Raymond R. Fournie
    Raymond R. Fournie     #3126094
    Anita M. Kidd     #6229585
    Melanie R. King     #6192411
    Julie Fix Meyer     #6189064
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    rfournie@armstrongteasdale.com
    akidd@armstrongteasdale.com
    mking@armstrongteasdale.com
    jfixmeyer@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 6th day of August, 2015, the above document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                          /s/ Raymond R. Fournie