IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM D. BEGIN and GINNY BEGIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 15-CV-830-SMY-DGW |
| ) | |
| AIR & LIQUID SYSTEM ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant General Electric's Motion to Dismiss for Lack of Jurisdiction (Doc. 11), Defendant Ingersoll-Rand's Motion to Dismiss for Lack of Jurisdiction (Doc. 19), and Defendant CBS Corporation's Motion to Dismiss for Lack of Jurisdiction (Doc. 62). Defendants' motions were filed between August 6, 2015, and August 11, 2015. Plaintiffs' responses were due between September 11, 2015, and September 14, 2015. However, Plaintiffs have failed to file a response to any of the pending motions to dismiss.[1] For the following reasons, the motions are **GRANTED**.

The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion, and the Court will do so in this case. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion

---

[1] Plaintiffs filed an amended complaint on January 12, 2016 (Doc. 303), during the pendency of the dismissal motions. Normally, the Court would moot any pending motions directed to an original complaint. Here, however, the amendment only dismissed certain named defendants; it did not alter any allegations of the complaint or affect the substance of the parties' arguments. Accordingly, the Court construes the motions to dismiss as if it were directed to the amended complaint. *See, eg, Brantley v. Luxottica Retail N. Am., Inc.,* 2014 WL 4370848, at *1 (S.D. Ill. Sept. 3, 2014).

and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results.").

Defendants each argue that this Court lacks jurisdiction over them in this matter. In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). A district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). Personal jurisdiction may be either specific or general. *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction arises where an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Here, Plaintiffs' Amended Complaint alleges William Begin was exposed to asbestos from Defendants' products while serving in the U.S. Navy and during his employment at Pennsylvania Power & Light and Toledo Edison (Doc. 303). The Complaint is devoid of allegations that Plaintiffs' alleged injuries arose out of or relate to the Defendants' contacts with Illinois. As such, this Court lacks specific personal jurisdiction over the claims against these Defendants.

General jurisdiction arises over a foreign corporation "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851.  With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

Here, Defendants are not incorporated nor maintain their principal place of business in Illinois.[2]  Further, Defendants' affiliations with Illinois are not "so continuous and systematic" as to render Defendants at home in Illinois.  Accordingly, the Court **GRANTS** Defendants' motions to dismiss.  As no Counts remain pending against these Defendants, the Clerk of Court is directed to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:  January 19, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[2] General Electric is a New York corporation with its principal place of business in Connecticut; Ingersoll-Rand is a New Jersey corporation with its principal place of business in North Carolina; and CBS Corporation is a Delaware corporation with its principal place of business in Pennsylvania.