IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM D. BEGIN and GINNY BEGIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AIR & LIQUID CORPORATION, CRANE ) <br> CO., WARREN PUMPS LLC, ) <br> METROPOLITAN LIFE INSURANCE ) <br> COMPANY, UNION CARBIDE ) <br> CORPORATION, and GOULD PUMPS, ) <br> INC., ) <br> ) <br> Defendants. ) | Case No. 3:15-cv-830-SMY-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Discovery Disputes brought to the Court's attention on April 29, 2016. Defendant Crane Co. objected to the expert disclosures filed by Plaintiffs on March 18, 2016 (Doc. 337), arguing that they failed to comply with Federal Rule of Civil Procedure 26(a)(2). At the April 29, 2016 conference, Plaintiffs raised disputes as to Requests to Produce and Interrogatories served on October 7, 2015. In particular, Plaintiffs state that Defendant Crane Co. failed to produce Navy contracts that may be pertinent to their experts' opinions. In light of these disputes, this Court held an in person hearing on May 6, 2016 in which Plaintiffs and Defendants appeared by counsel.[1]

Federal Rule of Civil Procedure 26(a)(2) provides that expert disclosure must include a written report "if the witness is one retained or specially employed to provide expert testimony in the case . . ." The report must contain various items, including a "complete statement of all

---

[1] Except for Metropolitan Life Insurance Company (that has not filed an answer or entered an appearance in this matter) and Gould Pumps, Inc., that is represented by Julia Tayyab and Undray Wilks.

opinions the witness will express and the basis and reasons for them." *Id*. 26(a)(2)(B)(i).  The parties must also make these disclosures at the time directed by the Court.  *Id*. 26(a)(2)(D).  If a party fails to make such disclosures, such information or witness cannot be used at a hearing or trial unless "the failure was substantially justified or is harmless."  FED.R.CIV.P. 37(c).

The expert disclosures filed by Plaintiffs on March 18, 2016 are wholly and obviously deficient.  They do not include any retained expert reports, prepared and signed by the expert, setting forth his/her opinions, the basis of those opinions, the facts and data considered, exhibits, qualifications, lists of cases, or compensation.

In an attempt to show substantial justification (or perhaps harmlessness) for the deficient disclosures, Plaintiffs argue that Defendant Crane Co. failed to comply with requests to produce.  Plaintiffs also argue that the parties agreed that they would have until May 18, 2016 to provide their expert reports.   Neither excuse shows substantial justification or harmlessness in the failure to provide proper Rule 26(a)(2) expert disclosures.

On September 17, 2015, this Court entered a Scheduling Order setting forth various deadlines and setting forth procedures for resolving discovery disputes (Doc. 192).  Plaintiffs timely served interrogatories and requests to produce on October 7, 2015.  Responses were due 30 days after service, by November 11, 2015, as provided by Rules 33 and 34.  Plaintiffs did not inform the Court that there were any concerns about the responses until January 27, 2016.  At that time, Plaintiffs were directed to confer with Defendants pursuant to Federal Rule of Civil Procedure 37(a)(1) regarding any perceived deficiencies in the responses (Doc. 332).  Thereafter, Plaintiffs did not inform the Court that the discovery responses were deficient until April 29, 2016, over four months after the responses were due and after their expert disclosures were due.  At that time, and during the subsequent hearing, Plaintiffs indicated that Crane Co. has not provided Navy

contracts that are relevant to some of their experts' opinions. In response, Crane Co. informed the Court that it has searched for responsive documents on three occasions and none can be found.

Plaintiffs' excuse, that they lack documentation and therefore cannot provide expert reports, is not well-taken and does not show substantial justification for failing to follow the Court's schedule. First, Plaintiffs simply waited too long to inform the Court that there was an issue with respect to discovery. Plaintiffs affirmatively elected not to follow the procedures for resolving discovery disputes and cannot, at the eleventh hour, benefit from their lack of diligence. Second, Plaintiffs failed to indicate how these Navy contracts are relevant to many of the experts they have disclosed such as Dr. Brody, Dr. Castleman, and some of the other 11 experts listed in their disclosure. Third, it appears that these experts were not unknown to Plaintiffs prior to this lawsuit. As with other litigation involving asbestos, these experts have probably been used by Plaintiffs' attorneys in other cases – thus, Plaintiffs refer to the "conclusions and opinions" contained in "any and all depositions and/or trial testimony [of an expert] . . . from this and other jurisdictions." Plaintiffs should be fully aware of what information their experts need in order to render an opinion in this case and should have striven in a timely manner to acquire that information. Thus, Plaintiffs have not shown substantial justification for the deficient disclosures. To the extent that Defendants agreed that Plaintiffs could serve disclosure by May 18, 2016, such an agreement will not be enforced by the Court as indicated in the Scheduling Order.

The deficient disclosures also are not harmless. Defendants have until May 20, 2016 to depose the 13 expert witnesses listed. Even if Plaintiffs were to provide expert reports by May 18, 2016, it is highly unlikely that such depositions could occur by the deadline. The discovery deadline in this matter is August 5, 2016 – moving the expert deadlines would necessitate an

extension of that deadline and, consequently, the trial date. This Court is entitled to enforce deadlines contained in Court Orders and outlined in the Rules of Civil Procedure. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 606-607 (7th Cir. 2006); *Spears v. City of Indianapolis*, 74 F.3d 153, 157-158 (7th Cir. 1996). Plaintiff's lack of diligence does not excuse the failure to follow those deadlines and does not warrant an extension of those deadlines.

Therefore, Plaintiffs' expert disclosures are hereby **STRICKEN.** As a discovery violation sanction and pursuant to Rule 37(c)(1), Plaintiffs are not allowed to use expert witnesses Dr. Arnold R. Brody, Dr. Barry I. Castleman, William Ewing, Dr. Arthur Frank, Dr. Edwin Holstein, Captain William A. Lowell, Dr. John C. Maddox, Dr. Eugene J. Mark, Dr. Gerald Markowitz, Dr. Steven Markowitz, Arnold P. Moore, or Dr. David Rosner to "supply evidence on a motion, at a hearing, or at trial." Plaintiffs shall proceed in this matter without expert evidence.

**IT IS SO ORDERED.**

**DATED: May 10, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**